UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 05-50

VICKIE J. O'NEAL,                                                                                           PLAINTIFF,

v.                                            **OPINION AND ORDER**

KILBOURNE MEDICAL LABORATORIES, INC.
and THE CASTLETON GROUP, INC.,                                                              DEFENDANTS.

* * * * * * * * *

This matter is before the court on the Plaintiff's Amount-in-Controversy Brief (Rec. No. 46). The brief was filed in accordance with this court's Opinion and Order entered March 28, 2007 in which the court dismissed the sole federal claim in this action, the Plaintiff's claim under the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 207. The Plaintiff also asserts that the Defendants violated Kentucky's Wage and Hours Law at KRS §§ 337.020 and 337.285 and asserts breach of contract and wrongful discharge claims under Kentucky law. There is diversity of citizenship in this action.

Accordingly, the court ordered the Plaintiff to file a brief stating the amount in controversy on her state law claims so that the court could determine whether it had original jurisdiction over those claims pursuant to 28 U.S.C. § 1332(a)(granting federal district courts original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states). Plaintiff has now filed her brief and asserts that the amount in controversy on her state-law claims is $100,000. This amount consists of $2,000 for her state wage-and-hour claims plus the liquidated damages for those claims; $10,000 for her state wrongful discharge claim;

$25,000 in punitive damages; and at least $50,000 in attorneys' fees. "As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). "Federal courts are courts of limited jurisdiction. Therefore, the plaintiff bears the burden of establishing jurisdiction." *United States ex re. McKenzie v. BellSouth Telecom. Inc.*, 123 F.3d 935, 940 (6th Cir. 1997)(citations omitted).

The Plaintiff has not cited to any contractual provision or statutory provision that provides for her recovery of attorneys' fees on her state law claims. The court has reviewed KRS § 337.020, KRS § 337.285, and KRS § 337.990. None of those statutes provide for the recovery of attorneys' fees. The court has also reviewed the employee handbook upon which Plaintiff's breach of contract claim is apparently based and does not find any provision for attorneys' fees. Thus, the Plaintiff has not established that the amount in controversy in this action is greater than $75,000 or that this court has original jurisdiction over her state law claims.

A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Novak v. MetroHealth Medical Center*, – F.3d –, 2007 WL 2807004, at * 8 (Sept. 28, 2007)(quoting *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996)). The court declines to exercise jurisdiction over the Plaintiff's state law claims.

Accordingly, the court hereby ORDERS as follows:

1) the Plaintiff's state law claims are DISMISSED for lack of subject matter jurisdiction; and

2) this matter is STRICKEN from the active docket of this court.

Dated this 5th day of October, 2007.

Signed By:
*Karen K. Caldwell*   KKC
United States District Judge