UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO.  3:05-50

VICKIE J. O'NEAL,                                                                              PLAINTIFF,


v.                                          **OPINION AND ORDER**


KILBOURNE MEDICAL LABORATORIES, INC.
and THE CASTLETON GROUP, INC.,                                              DEFENDANTS.

* * * * * * * * *

This matter is before the Court on the Motion for Attorney Fees (Rec. No. 49) filed by the

Defendants.  For the following reasons, the Court will DENY the motion.

**I.      FACTS.**

The Plaintiff was employed by the Defendants as a phlebotomist. In her Complaint she

asserted that the Defendants failed to pay her time and a half for the overtime hours she worked in

violation of the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 207.  She also asserted a claim

under Kentucky's Wage and Hours Law at KRS §§ 337.020 and 337.285 and state law claims for

breach of contract and wrongful discharge.

By Opinion and Order entered March 28, 2007, this Court dismissed the FLSA claim, finding

that the Plaintiff was exempt from the FLSA overtime requirements under the Motor Carriers Act

("MCA") exemption found at 29 U.S.C. § 213(b)(1). By an Opinion and Order dated October 5,

2007, the Court further determined that the Plaintiff had not established that the amount in

controversy on her state law claims was greater than $75,000 and dismissed those claims for lack

of subject matter jurisdiction.

The Defendants now move the Court to sanction Plaintiff's counsel under Federal Rule of

Civil Procedure 11 and 28 U.S.C. § 1927 by ordering Plaintiff's counsel pay the Defendants' attorney fees and expenses associated with the FLSA claim.  The Defendants argue that Plaintiff's counsel knew or should have known at the time he filed the FLSA claim that it was meritless because the Plaintiff was subject to the MCA exemption. They further argue that Plaintiff's counsel should be sanctioned for filing a Motion for Conditional Certification of a Collective Action.

### II.      ANALYSIS.

### A.      Rule 11.

Rule 11(b) requires attorneys to make reasonable inquires to determine that their pleadings motions, and other papers presented to the court are "not being presented for any improper purpose, such as to harass, cause unnecessary , or needlessly increase the cost of litigation;" that their "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and that their "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b).

Rule 11 further provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

The Rule further provides the manner by which a party may move for sanctions against an opposing party, stating:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

2

Fed. R. Civ. P. 11(c)(2).[1]

Plaintiff's counsel argues that the Defendants' Rule 11 motion is improper because, before filing it with this Court,  the Defendants failed to provide him with Rule 11's 21-day safe harbor notice in which he could have withdrawn the Complaint or the Motion for Conditional Certification of a Collective Action. In fact, the Defendants' Rule 11 motion was not filed until after this Court had ruled on the Motions for Summary Judgment and Motion for Class Certification and stricken this action from the active docket of the Court.

Defendants do not contest that they did not serve their Rule 11 motion on Plaintiff's counsel 21 days before filing it.  They argue, however, that the Sixth Circuit's unpublished decision in *Bailey v. Papa John's USA, Inc.*, 236 Fed. Appx. 200 (6th Cir.), *cert. denied*, 128 S.Ct. 387 (2007) indicates that the Rule 11 motion need not be served 21 days before it is filed as stated in Rule 11. Defendants assert that, in *Bailey*,  the motion for attorneys' fees was served on opposing counsel the same day it was filed.  Defendants submit the actual motion and supporting memorandum and exhibits filed in that case obtained through PACER.  The motion and memorandum state they served on the Defendants the same date they were filed with the Court. But the issue of whether the movants had complied with the service requirements of Rule 11 was never addressed by the court in *Bailey*.[2]

The plain language of Rule 11 requires that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention,

---

[1] Rule 11 was amended effective December 1, 2007.  The changes were "stylistic only."  Fed. R. Civ. P. 11, Advisory Committee notes (2007 Amendments).

[2] The Court also notes that the motion and memorandum may well have also been served on the defendants in *Bailey* 21 days before they were filed with the court as required by Rule 11 and then re-served on the date they were actually filed.  This is unclear because compliance with Rule 11's notice requirements was never discussed in *Bailey*.

3

or denial is withdrawn or appropriately corrected within 21 days after service or within another time

the court sets." Fed. R. Civ. P. 11(c)(2).  The Advisory Committee notes explain:

> The motion for sanctions is not, however, to be filed until at least 21 days (or such
> other period as the court may set) after being served. If, during this period, the
> alleged violation is corrected, as by withdrawing (whether formally or informally)
> some allegation or contention, the motion should not be filed with the court. These
> provisions are intended to provide a type of "safe harbor" against motions under Rule
> 11 in that a party will not be subject to sanctions on the basis of another party's
> motion unless, after receiving the motion, it refuses to withdraw that position or to
> acknowledge candidly that it does not currently have evidence to support a specified
> allegation. Under the former rule, parties were sometimes reluctant to abandon a
> questionable contention lest that be viewed as evidence of a violation of Rule 11;
> under the revision, the timely withdrawal of a contention will protect a party against
> a motion for sanctions.

Fed.R.Civ.P. 11, Advisory Committee Notes (1993 Amendments).

The Sixth Circuit has expressly ruled that "sanctions under Rule 11 are unavailable, unless

the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor'

period before it is filed with or presented to the court." *Ridder v. City of Springfield*, 109 F.3d 288,

297 (6th Cir.1997).  Accordingly, the Defendants were required to notify the Plaintiff's counsel of

their Rule 11 motion 21 days before filing it with the Court.

Next, the Defendants argue that, even though they did not serve their Rule 11 motion on

Plaintiff's counsel 21 days before filing it,  their June 16, 2006 letter to Plaintiff's counsel fulfills

the Rule 11 notice requirements.  The letter was written approximately eleven months after the

Complaint in this matter was filed and three days after the Plaintiff's Motion for Conditional

Certification of Collective Action was filed.  In the letter, Defendant's counsel informed Plaintiff's

counsel that there were no other potential plaintiffs in the action because they had all had signed

forms releasing the Defendants from liability after being paid back wages in a process approved by

4

the Department of Labor. For this process, the Defendants and the Department of Labor assumed that

its phlebotomists were not exempt from the FLSA overtime requirements and paid the back wages

accordingly.

In the June 16, 2006 letter, Defendants' counsel stated, "[y]ou should withdraw your motion.

I would show you all of the releases if you agree in advance to withdraw the motion, with prejudice,

once you see them."   Defendants' counsel also stated in the letter that the Plaintiff was

"unquestionably exempt" from the FLSA overtime pay requirements under the MCA exemption.

Defendants' counsel further stated that the Plaintiff's FLSA claim "should not have been filed in the

first place, and should be dismissed now."

As to whether this letter satisfies Rule 11's notice requirements, the plain language of Rule

11 requires service of the actual Rule 11 *motion* prior to filing the motion.  The Advisory Committee

notes further make clear that the rule contemplates the service of the actual motion before the 21-day

safe harbor period begins to run.

> To stress the seriousness of a motion for sanctions and to define precisely the conduct
> claimed to violate the rule, the revision provides that the 'safe harbor' period begins
> to run only upon service of the motion. In most cases, however, counsel should be
> expected to give informal notice to the other party, whether in person or by a
> telephone call or letter, of a potential violation before proceeding to prepare and
> serve a Rule 11 motion.

Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments).

As support for their argument that the June 16, 2006 letter satisfies Rule 11's notice

requirements, Defendants cite *Nieves v. City of Cleveland*, 153 Fed. Appx. 349 (6th Cir.

2005)(unpublished case). But the issue of whether the Rule 11 movants had complied with the safe

harbor provision was not adequately raised in that case and, thus,  the court specifically declined to

address it. *Id*. at 354 n.2.

Further, in that case, "[p]rior to the district court's summary judgment ruling, [the defendant] sent a letter to [plaintiff's counsel]. . . providing him with 21 day 'safe harbor' notice in which to withdraw the complaint or face a motion for sanctions. [Plaintiff's counsel] did not respond, and on August 2, 2001, [the defendant] filed a motion for Rule 11 sanctions. . . ." *Id*. at 351.

In contrast, the letter by the Defendants' counsel in this case does not mention Rule 11or a motion for sanctions.  Defendants also cite *Barker v. Bank One*, 156 F.3d 1228, (6th Cir. 1998)(unpublished case). However, in that case, prior to moving for Rule 11 sanctions,  "[d]efense attorneys for several of the defendants wrote to [plaintiff's counsel] in April and June, 1995, warning him that the action was frivolous and that they would seek sanctions," and plaintiff's counsel did not respond.  *Id*. at *1. In concluding that the purpose of  Rule 11's safe harbor provision was satisfied, the court specifically noted that, with the April and June, 1995 letters, defense counsel "warn[ed] plaintiff's counsel] in no uncertain terms that they would be seeking sanctions due to the obvious frivolity of this case," thus giving plaintiff's counsel time to either dismiss the complaint or withdraw from representation.  *Id*. at *2.

 Furthermore, in *Barker*, after the district court granted the defendants' motions to dismiss, the defendants did serve plaintiff's counsel with the actual Rule 11 motion 21 days before filing it. *Id*. In this action, in contrast, the Plaintiff's June 16, 2006 letter does not mention Rule 11 or a motion for sanctions. Further, the Defendants never served the Rule 11 motion on Plaintiff's counsel prior to filing it with the Court.

This case is more similar to the Sixth Circuit's ruling in *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002). In that case, as here, the defendant did not

contest that it did not serve its Rule 11 motion on the plaintiff prior to filing it. Instead, the defendant argued that it fulfilled Rule 11's safe harbor provision by serving a letter and motion for summary judgment on plaintiff's counsel. *Id*. at 527. The letter stated:

> After you have reviewed our Motion for Summary Judgment, I think that First Bank should give serious consideration to voluntarily dismissing its action against Hartford and voluntarily reimbursing Hartford for the substantial fees and expenses incurred in this action. I will not repeat the arguments presented in the Memorandum in Support of the Motion or Appendix A; however, I think it is clear beyond any possible dispute that First Bank does not have any probative evidence to support the allegations of Count Two ... No proper purpose is served by the continuation of this litigation by First Bank.

*Id*. at 527-28.

The court determined the letter did not "remotely suggest pursuit of Rule 11 sanctions." 307 F.3d at 511 n.5. The court distinguished *Barker* because "there is not a single letter that clearly reflects that [the defendant] will seek sanctions and this letter does not satisfy the spirit of the 1993 Amendments to Rule 11 by providing notice to [the plaintiff]." *Id*. at 528.

In accordance with the plain language of Rule 11 and *First Bank*, the Defendants' Rule 11 motion must be denied for failure to comply with the notice requirements of Rule 11. The Defendants did not serve their Rule 11 motion on Plaintiff's counsel 21 days before filing it and, to the extent that warning letters will satisfy Rule 11, the June 16, 2006 letter did not clearly reflect the Defendants' intent to move for sanctions against the Plaintiff's counsel.

**B.     28 U.S.C. § 1927.**

In addition to moving for sanctions under Rule 11, the Defendants also move for sanctions under 28 U.S.C. § 1927 which provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

7

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Under § 1927, a court must review whether the attorneys engaged in conduct which multiplied the litigation unreasonably or vexatiously." *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir.2001). Under this provision, a court may impose sanctions "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir.1986). A finding of bad faith is not necessary under Section 1927. *Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007). However, "[s]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927." *Riddle*, 266 F.3d at 553. Rather, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir.1987)).

The Defendants argue that Plaintiff's counsel should be sanctioned under Section 1927 for filing a frivolous complaint and for filing a Motion for Conditional Certification of a Collective Action. As to the Complaint, the Defendants argue that the facts stated in the Complaint itself made it obvious that the FLSA claim should be dismissed because the Plaintiff was exempt from the FLSA overtime requirements under the MCA exemption.

The Defendants did not, however, file a motion to dismiss this matter. Instead, after discovery, they moved for summary judgment. While this Court ultimately ruled that the Plaintiff was covered by the MCA exemption and, therefore, not covered by the FLSA's overtime

8

requirements, the Court cannot find that the Plaintiff's arguments to the contrary were frivolous.

The MCA exemption provides that the FLSA's overtime requirements do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). The Plaintiff argued that, pursuant to a Department of Transportation regulation in effect during the relevant time period, the Secretary of Transportation had waived its jurisdiction to "establish qualifications and maximum hours of service" for phlebotomists and, thus, the MCA exemption did not apply. To resolve this legal issue, this court followed the reasoning of the Third Circuit in *Friedrich v. U.S. Computer Services*, 974 F.2d 409 (3rd Cir. 1992) and the Sixth Circuit in *Benson v. Universal Ambulance Service, Inc.*, 675 F.2d 783 (6th Cir. 1982). While the Court continues to find its reliance on these cases to be proper, a nonfrivolous argument can be made that the cases are not controlling and/or are not directly on point. Likewise, a nonfrivolous argument can be made that the Supreme Court's decision in *Levinson v. Spector Motor Service*, 330 U.S. 649 (1947) is not directly on point.

The Defendants argue that the Sixth Circuit's unpublished decision in *Bailey* establishes the frivolity of the Plaintiff's claim as a matter of law. However, *Bailey* involved a different occupation, a different FLSA exemption, and a plaintiff who conceded in his deposition that he was exempt from the FLSA's overtime requirements.

As to the Plaintiff's Motion for Conditional Certification of Collective Action, the Defendants argue that the Plaintiff's counsel should have withdrawn the motion after receiving the June 16, 2006 letter from the Defendants' counsel informing the Plaintiff's counsel that other prospective plaintiffs had released the Defendants from liability after being paid back wages. The

9

letter stated that 47 of the 51 employees to whom the Defendants owed back pay had been paid and had signed releases.  The Defendants enclosed a copy of one of the release forms.  They also offered to show the Plaintiff's counsel all of the release forms if Plaintiff's counsel would "agree in advance to withdraw the motion, with prejudice, once you see them."

The Court cannot find that it was unreasonable for Plaintiff's counsel to reject this offer.  Further, the letter indicates that Plaintiff's counsel never saw these releases before filing the Motion for Conditional Certification of Collective Action.  Accordingly, the Court does not find that the filing of the motion multiplied the proceedings in this case unreasonably or vexatiously.

**III.    CONCLUSION.**

For all these reasons, the Court hereby ORDERS that the Defendants' Motion for Attorneys' Fees (Rec. No. 49) is DENIED.

Dated this 13th day of May, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

10